IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Kenyon O. Hamwright,

          Plaintiff,

vs.

A. Camacho, et al.,

          Defendants.

No. CV-23-01265-PHX-SPL (DMF)

**ORDER**

       Plaintiff Kenyon O. Hamwright filed a First Amended Complaint pursuant to 42 U.S.C. § 1983 (Doc. 9). The Honorable Deborah M. Fine, United States Magistrate Judge, issued a Report and Recommendation ("R&R") (Doc. 42), recommending the Court dismiss Defendant Riviera for failure to serve pursuant to Federal Rule of Civil Procedure 4(m).

       A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b)(3). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1118–19 (9th Cir. 2003); 28 U.S.C. § 636(b)(1). It follows that the Court need not conduct any review of portions to

which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621–622 (9th Cir. 2000).

On November 15, 2024, the Court ordered Plaintiff to show cause why Defendant Riviera should not be dismissed for failure to complete service, failure to prosecute, and failure to comply with Court orders (Doc. 39). Plaintiff has not responded or otherwise taken any action. In the R&R, the Magistrate Judge recommends Defendant Riviera be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, reasoning that Plaintiff has not shown excusable neglect, and there is not good cause for an extension of time to effectuate service. (Doc. 42 at 8).

The parties did not file objections, which relieves the Court of its obligation to review the R&R. *See Reyna-Tapia*, 328 F.3d at 1121; *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1)] does not… require any review at all… of any issue that is not the subject of an objection."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). The Court has nonetheless reviewed the R&R and finds that it is well-taken. The Court will thus adopt the R&R in full. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate"); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). Accordingly,

///

///

///

///

**IT IS ORDERED** that Magistrate Judge Deborah M. Fine's Report and Recommendation (Doc. 42) is **accepted** and **adopted** by the Court.

**IT IS FURTHER ORDERED** that Defendant Riviera is **dismissed without prejudice**.

Dated this 27th day of January, 2025.

Honorable Steven P. Logan
United States District Judge